USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/29/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA

     -against-

ALDEN GEORGE

          Defendant.

------------------------------------------------------------x

Opinion and Order

16 CR 197 (KMW)

KIMBA M. WOOD, District Judge:

Defendant Alden George ("George") is charged in a one-count indictment with failure to register as a sex offender as is allegedly required under the Sex Offender Registration and Notification Act, 42 U.S.C. 16911, *et seq.* ("SORNA"). SORNA states that an individual convicted of a qualifying sex offense in any territory over which the United States Government has jurisdiction is required to register as a sex offender pursuant to SORNA, and to update the registration as necessary. 42 U.S.C. § 16913. SORNA also provides that any individual with a prior qualifying sex offense who "travels in interstate commerce" . . . and knowingly "fails to register or update a registration" violates SORNA. 18 U.S.C. § 2250.

Defendant moves to dismiss the indictment on the ground that he has not committed a qualifying prior sex offense. For the reasons set forth below, the Court GRANTS the defendant's motion to dismiss the indictment.

I. **BACKGROUND**

The defendant's alleged violation of SORNA stems from a prior sex offense committed in the United States Virgin Islands. On September 24, 2003, the defendant was charged in a four-

1

count indictment in the Virgin Islands with First Degree Rape in violation of 14 Virgin Islands Code ("V.I.C.") § 1701(2) and 14 V.I.C. § 331; First Degree Unlawful Sexual Contact in violation of 14 V.I.C. 1708(1); Second Degree Burglary in violation of 14 V.I.C. § 433; and First Degree Assault in violation of 14 V.I.C. § 295(3). Gov. Ex. B, *Government of the Virgin Islands* v. *Alden W. George, Jr.*, Information and Accompanying Affidavit (Sept. 24, 2003). This indictment followed his conduct on the night of August 31, 2003, when he entered a woman's home and used force to initiate nonconsensual sexual contact. Id.

On April 20, 2005, defendant pled guilty to Count II of the indictment, which read: "On or about August 31, 2003, in St. Thomas, Virgin Islands, Alden W. George Jr., intentionally touched a person's intimate parts to arouse or to gratify the sexual desires of any person, not the perpetrator's [sic] spouse, and he used force or coercion to accomplish that sexual contact, to wit; he touched [the victim's] vagina with his penis in violation of 14 V.I.C. Section 1708(1)." Gov. Ex. D, *People of the Virgin Islands* v. *Alden George*, Judgment (June 10, 2005). The defendant was sentenced to four years in prison. Id. Upon his release in 2006 he registered as a sex offender in the Virgin Islands, as was required by his conviction. He also acknowledged his ongoing obligation to update his registration, and to re-register in any jurisdiction to which he moves if so required. Gov. Ex. E, Sexual Offender/Sexual Predator Registration Form (Oct. 27, 2016).

The defendant failed to continuously update his registration in the Virgin Islands. A warrant was thus lodged for his arrest in July of 2013. Gov. Ex. F, Warrant for the Arrest of Alden George and Accompanying Affidavit (July 11, 2013). The defendant then moved to New York, where he was also allegedly required to register as a sex offender. He failed to do so, which led to his indictment on March 9, 2016, and his arrest on March 22, 2016.

SORNA states that individuals convicted of a "sex offense," as defined in the Act, must register and update their sex offender registration as the statute requires. SORNA defines a "sex offense" as "a criminal offense that has an element involving a sexual act or sexual contact with another." 42 U.S.C. §§ 16911(1) and (5)(A)(i). The Act further specifies the conduct that qualifies as a "sexual act" or "sexual contact." A "sexual act" involves contact with or penetration of the penis, vulva, anus, or genital opening. 18 U.S.C. § 2246(2). "Sexual contact" is "the intentional touching, either directly or through the clothing of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3). The Virgin Islands statute under which the defendant was convicted, 14 V.I.C. § 1708(1), defines "sexual contact" differently. It defines sexual contact as "any touching of another person with the genitals, or any touching of the genitals, anus, groin, inner thighs, buttocks, *lips*, or breasts of another person, or such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person." 14 V.I.C. § 1699(d) (defining "sexual contact" for the purposes of § 1708(1)) (emphasis added). The defendant argues that because the Virgin Islands statute of his conviction defines a sex offense more broadly than does SORNA, SORNA does not require him to register as a sex offender. Specifically, because SORNA does not include "lips" in its definition of a sexual act or sexual contact, the defendant maintains that he did not commit a SORNA-qualifying offense.

If a court were to employ a fact-based approach and rely on defendant's allocution, it could easily conclude that defendant's conduct falls within SORNA's definition of "sexual contact." But precedent interpreting a similar federal statute, and case law in other circuits interpreting SORNA itself, require a more complex analysis.

The Court concludes that case law requires the use of a "categorical approach" in interpreting SORNA's application to an individual's predicate sex offense. Using the categorical approach to statutory interpretation, SORNA would require registration of anyone whose predicate conviction violated a statute, the element(s) of which are the same as, or narrower than, SORNA's elements. It does not require registration if the element(s) of the statute of conviction are defined more broadly than SORNA's elements, even if the actual conduct that led to the predicate conviction would otherwise be covered by SORNA. In other words, notwithstanding that defendant allocuted to conduct covered by SORNA, the fact that the Virgin Islands statute defines "sexual offense" as including merely touching a person's lips requires the conclusion that SORNA does not apply to violations of the Virgin Islands statute at issue.

The Government argues that the defendant's Virgin Islands conviction plainly subjects him to SORNA's registration requirements. It believes the defendant's reliance on the categorical approach to be misplaced in two ways. First, this method of statutory interpretation, the Government contends, should not be employed by courts in the pre-trial stage of litigation, but rather only at sentencing. It also argues that because the categorical approach was developed in cases involving another statute (the Armed Career Criminal Act, or "ACCA"), it should not be used in interpreting SORNA's reach.

## II. LEGAL STANDARD

### a. The Standard for Sufficiency of an Indictment

Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment need not be prolix; it "need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the charged crime." United States

v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998). "An indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir.1992). So long as it meets these minimal requirements, the indictment is "enough to call for trial of the charge on the merits." Costello v. United States, 350 U.S. 359, 363 (1956).

### b. The Standard for Challenging an Indictment

An indictment "need not be perfect, and common sense and reason are more important than technicalities." United States v. De La Pava, 268 F.3d 157, 162 (2d Cir. 2001). However, the defendant has the right to challenge an indictment on the ground that it fails to allege a crime within the terms of the applicable statute. United States v. Aleynikov, 676 F.3d 71 (2d Cir. 2012). *See also* Fed.R.Crim.P. 12(b)(2) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue.") A court can resolve a dispute "without trial of the general issue" when a motion to dismiss an indictment is made solely upon an issue of law, and not fact. United States v. Heicklen, 858 F. Supp. 2d 256, 276 (S.D.N.Y. 2012) (Wood, J.).

### c. Assessing an Underlying Offense of Conviction Under SORNA

Defendant's motion to dismiss raises a pure question of law; he asks the Court to determine which approach to statutory interpretation should be used to evaluate a predicate offense under SORNA, and, using the correct approach, decide whether his predicate offense is covered by SORNA. Defendant's motion rests on the contention that the court is permitted to, and should, employ the "categorical approach" to a pretrial examination of the validity of the Government's indictment. The categorical approach to statutory interpretation requires a court to look "only to

the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Taylor v. United States, 495 U.S. 575, 600 (1990). Thus, in the SORNA context, a court would look only to the text of the predicate statute, and compare it to SORNA's text.

The categorical approach has traditionally been used during sentencing; the Supreme Court devised it in order to ensure that defendants being sentenced were not subject to enhanced punishment for underlying conduct not covered by the federal statute at issue. *See* Taylor v. United States, 495 U.S. 575 (1990). In response to imperfections in the application of the categorical approach, the Supreme Court developed, as an alternative, what it termed the "modified categorical approach." As this Circuit noted in United States v. Beardsley, "[t]he modified categorical approach grew out of a recognition that the categorical approach presented a problem in cases where the statute of prior conviction covers multiple subjects. Since state and federal criminal statutes are written in various styles, and are not always limited to single subjects, the categorical approach, strictly applied, would often make it impossible to apply [an] enhancement even when it is apparent that it should be applicable." 691 F.3d 252, 260 (2d Cir. 2012).

This "modified" approach permits a court to take a limited look at the facts underlying a defendant's predicate conviction in order to determine whether his crime falls within the conduct proscribed by the statute at issue. In creating the modified categorical approach the Supreme Court allowed deviation from the categorical approach, but only where one can be certain that defendant's predicate conduct fits within the enhancing statute. The Supreme Court has decided that the needed certainty is supplied only after trial, by the fact finder, at which point one can ascertain the contours of the element(s) of conviction.[1] That is, when a predicate conviction is

---

[1] As Justice Kennedy pointed out in his concurrence in Descamps v. United States, the Court will not rely on a guilty plea allocution, because a defendant may plead carelessly to certain facts, not knowing that the allocution may trigger severe consequences later. 133 S.Ct. 2276, 2293 (2013).

based on a statute that contains more than one element, it is the verdict that reflects the element(s) of conviction. Courts tasked with evaluating a conviction under a statute that can be violated in different ways are required by case law to distinguish between "elements" and "means." The Supreme Court has defined an "element" as "what the jury must find beyond a reasonable doubt to convict the defendant … [or], at a plea hearing, what the defendant necessarily admits when he pleads guilty." Mathis v. United States, 136 S. Ct. 2243, 2248 (2016). "Means," by contrast, need not be proven beyond a reasonable doubt, and need not be specified within the charging instrument. Mathis, 136 S. Ct. at 2250.

If a statute is divided into elements (e.g., with one element being "sexual offense by kissing," and another element being "sexual offense by rape"), it will be decided at trial which "element" was satisfied. The Supreme Court terms statutes that contain more than one element "divisible." In other words, a divisible statute is one where two individuals can commit the same offense by satisfying a different element, or a distinct subsection, contained within the statute. If, however, a statute contains only one general element (e.g., sexual touching) and no distinct subsections, the verdict will not reveal what specific means of sexual touching resulted in conviction. Such a statute is "indivisible." Courts have applied the categorical approach to indivisible statutes, and the modified categorical approach to divisible statutes. See Taylor v. United States, 495 U.S. 575 (1990); Descamps v. United States, 133 S.Ct. 2276 (2013); Mathis v. United States, 136 S. Ct. 2243 (2016).

The distinction between a divisible statute and an indivisible statute is often subtle and difficult to discern. This past year, the Supreme Court provided some guidance. In Mathis v. U.S., it described an indivisible statute in this way:

7

> [S]uppose a statute requires use of a "deadly weapon" as an element of a crime and further provides that the use of a "knife, gun, bat, or similar weapon" would all qualify. See *Descamps*, 133 S.Ct., at 2289; *Richardson*, 526 U.S., at 817, 119 S.Ct. 1707. Because that kind of list merely specifies diverse means of satisfying a single element of a single crime—or otherwise said, spells out various factual ways of committing some component of the offense—a jury need not find (or a defendant admit) any particular item: A jury could convict even if some jurors "conclude[d] that the defendant used a knife" while others "conclude[d] he used a gun," so long as all agreed that the defendant used a "deadly weapon." *Ibid.*; see *Descamps*, 133 S.Ct., at 2288 (describing "means," for this reason, as "legally extraneous circumstances").

Mathis at 2249 (2016). According to Mathis, a predicate statute that contains a greater number of means of satisfying an element than the means contained within the same element in the corresponding federal statute is indivisible, and thus not subject to the modified categorical approach. *See also* United States v. Beardsley, 691 F.3d 252, 264 (2d Cir. 2012) (holding that where a statute of prior conviction merely lists a number of different factual means of satisfying the same single element, the statute is not divisible).

### III. DISCUSSION

#### a. The Categorical vs. the Modified Categorical Approach

Based on the principles laid out in Mathis and Descamps, the Virgin Islands statute at issue is indivisible. Under Virgin Islands law, "[u]nlawful sexual contact in the first degree accomplished through force or coercion has three elements. The Government must prove, beyond a reasonable doubt, that: (1) the perpetrator engaged in sexual contact; (2) the person with whom the perpetrator engaged in sexual contact was not the person's spouse; and (3) the sexual contact was accomplished by force or coercion." Potter v. Government of Virgin Islands, 48 V.I. 446, 457 (App. Div. 2006) (citing 14 V.I.C. § 1708(1)).

The Government concedes that in order to sustain a conviction under 14 V.I.C. § 1708(1), the prosecutor thus need not prove in which form of sexual contact the defendant engaged. For example, the jury need not find that the defendant touched genitals, as opposed to lips. Each clause

contained within 14 V.I.C. § 1699(d) enumerates a different *means* of satisfying the same element -- the commission of "sexual contact" in violation of 14 V.I.C. § 1708(1). The language of the defendant's Virgin Islands statute of conviction renders the statute indivisible.

### b. The Categorical Approach's Application to a Pre-Trial Motion to Dismiss a SORNA Indictment

The Government further concedes that if the reasoning of Mathis and Descamps applies in the SORNA context, the Virgin Islands statute at issue would be subject to the categorical approach. It argues, however, that this Court need not be constrained by Descamps and its progeny. It first maintains that the categorical approach might not apply to the provision of SORNA at issue because the categorical approach may be limited to cases applying the Armed Career Criminal Act. It then argues that even if the categorical approach were to apply to SORNA, it would apply only in the context of sentencing, and not earlier by way of a pretrial motion to dismiss. The Government's arguments are not persuasive.

As the Government notes, courts need not automatically apply the categorical approach to every indivisible statute; Taylor, Descamps and Mathis all dealt with the ACCA specifically. The Second Circuit Court of Appeals has not had occasion to examine whether it is proper to apply the categorical approach to § 16911(5)(A)(i) of SORNA and if so, whether the issue may be raised in a pretrial motion to dismiss.

The Court first considers whether the categorical approach applies to § 16911(5)(A)(i) of SORNA as a general matter. The Court decides that it does. The function of SORNA and the ACCA are similar in that they both subject a defendant to an enhanced penalty (or obligation) if the defendant's prior conviction(s) meets the enhancing statute's requirements. Other courts have applied the categorical approach to certain sections of SORNA, including the section at issue here. *See* United States v. Morales, 801 F.3d 1, 5 (1st Cir. 2015) (applying the categorical approach to

SORNA § 16911(4)); United States v. Cabrera-Gutierrez, 756 F.3d 1125, 1135 (9th Cir.) (applying the categorical approach to SORNA § 16911(4); United States v. Gonzalez-Medina, 757 F.3d 425, 430 (5th Cir. 2014) (recognizing *in dictum* that the statutory wording of SORNA's definition of "sex offense" in § 16911(5)(A)(i) "strongly suggests the categorical approach applies.").[2]

The Government maintains that instances in which courts have applied the categorical approach to SORNA predicate convictions in the *sentencing* context are inapplicable when interpreting the same predicate conviction on a pretrial motion to dismiss. At least one court has dismissed a SORNA indictment after examining predicate conduct under the categorical approach. *See* United States v. Johnson, 2012 WL 5195976 (E.D. Wisc. Oct. 18, 2012) (recommendation on defendant's motion to dismiss SORNA indictment adopted by District Court at 2012 WL 5199584).

The Government rightly notes the reluctance of some courts, in the SORNA context specifically, to impose the categorical framework at the pretrial stage of a criminal proceeding. *See* United States v. Brown, 2012 WL 604185, at *5 (W.D. Pa. Feb. 24, 2012) (holding that "[a]ny discussion concerning whether a categorical approach should be used is not relevant under the [pretrial stage] of the case); United States v. Miller, 694 F.Supp.2d 1259, 1266-68 (M.D. Ala. 2010) ("Given the nature of Miller's argument, the court must conclude he does not establish, or even properly allege, that the indictment fails to state an offense. Rather, Miller's argument

---

[2] As the Government notes, some courts have declined to extend the categorical approach to the provision of SORNA involving offenses against minor victims. *See, e.g.*, *United States* v. *Gonzalez-Medina*, 757 F.3d 425, 428-31 (5th Cir. 2014) (holding that "Congress contemplated a non-categorical approach to the age-differential determination in the § 16911(5)(C) exception"); *United States* v. *Mi Kyung Byun*, 539 F.3d 982, 990-94 (9th Cir. 2008) (holding that "as to the age of the victim, the underlying facts of a defendant's offense are pertinent in determining whether she has committed a 'specified offense against a minor' and is thus a sex offender"); *United States* v. *Dodge*, 597 F.3d 1347, 1353-55 (11th Cir. 2010) (holding that non-categorical approach applies "in determining what constitutes a 'specified offense against a minor'"). However, as this case law indicates, § 16911(5)(C) of SORNA differs from the one at issue here; it naturally invites a fact-based inquiry, while § 16911(5)(A)(i) does not.

appears to be that he cannot be *convicted* of violating § 2250(a) because he is not required to register as a sex offender. It is now well-established that, at this stage of a criminal action, the court may not "look[ ] beyond the face of the indictment and rul[e] on the merits of the charges against [a defendant].").

However, in the instances where a court has dismissed similar challenges to indictments under different provisions of SORNA[3], it often had a compelling reason to do so; it wanted to give the Government the opportunity to present factual evidence at trial that would shed light on whether the defendant had committed a qualifying predicate offense. *See, e.g.*, United States v. Piper, 2012 WL 4757696 at *2 ("Whether [the defendant's] state convictions . . . constitute sex offenses, for the purposes of SORNA, goes to the sufficiency of the Government's evidence. To decide this motion to dismiss, the defendant would have the Court look beyond the face of the indictment and draw inferences as to the proof that would be introduced by the Government at trial. Such an inquiry is premature before trial."); United States v. Brown, 2012 WL 604185 (W.D. Pa. Feb. 24, 2012) (denying motion to dismiss SORNA indictment because the age of the victim presented a factual issue properly reserved for trial); United States v. Miller, 694 F.Supp.2d 1259, 1266-68 (M.D. Ala. 2010) (denying the same motion based on the same factual issue of the age differential between the defendant and victim).

The Court expects no such evidence to be presented here. No additional facts the Government might offer at a later date would shed light on the purely legal question of whether the Virgin Islands statute is written such in a way that violating it constitutes a predicate offense under SORNA § 16911(5)(A)(i).[4] Even if the Government were to prove the defendant possessed

---

[3] A court has yet to deny a motion to dismiss an indictment under the specific provision of SORNA at issue here.
[4] The only fact in dispute is whether defendant possessed the requisite intent to violate SORNA. Defendant argues that his long history of schizophrenia, and his history of failing to take his medications, render it unlikely that the Government can prove that defendant had the intent to fail to register under SORNA. It is likely that proving the

11

the requisite intent in failing to register, the Court would be left with the same legal decision it faces now. The Court would need to determine whether the crime for which defendant was convicted constitutes a SORNA predicate offense under the categorical approach. It would compare the two statutes at issue, one of which defines "sexual contact" differently than the other. No evidence produced at a later date would shed any light on this purely legal issue of statutory interpretation.

The Government has not presented a compelling reason why this Court should not decide this legal issue now. To decline to resolve it until a later date, as the Government requests, would only unnecessarily expend Court time and taxpayer resources.

### c. Under the Categorical Approach, the Government has Failed to State an Offense

The Court determines that when the categorical approach is applied to the defendant's Virgin Islands conviction, the defendant has not violated SORNA's registration requirements. 14 V.I.C. § 1699(d) contains a broader definition of sexual contact than that which is used in SORNA. The Virgin Islands statute includes touching of the lips, and SORNA does not. Because the Virgin Islands statute is indivisible, and because there exists the possibility, however small, that the "sexual contact" element of the crime for which defendant was convicted was for conduct not prohibited by the federal law, he has not committed a sex offense as defined by §§ 16911(5)(A)(i) and 2246(3) of SORNA.

---

type[s] of schizophrenia from which the defendant has suffered would require costly testimony from psychiatrists, after which the Government would face the daunting task of proving that defendant was taking needed medication during his time in this country (defendant lives in a homeless shelter).

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS the defendant's motion to dismiss the indictment.

SO ORDERED.

DATED:   New York, New York
         November 29, 2016

*Kimba M. Wood*
HON. KIMBA M. WOOD
United States District Judge